ALLEN BROWN *vs.* THE PEOPLE'S MUTUAL INSURANCE COMPANY.

A policy of insurance upon real and personal estate stipulated that if the application did not contain a just, full, and true exposition of all the facts and circumstances in regard to the title, condition, situation, value, and risk of the property, the policy should be void. In answer to an inquiry "whether the property was incumbered, to whom, and what amount," the application stated "About $4000 to A. B." In fact there was then a mortgage on the property, real and personal, to A. B. for $3,600, and another on the real estate to J. P. for $1,100. *Held,* that as the contract was entire, but one premium note being given, the lien on the whole property for its payment was affected by the misstatement, and the policy was void, as to both real and personal estate.

THIS was an action of contract on a policy of insurance dated August 30th, 1851, by which the defendants, a company incorporated by the laws of this commonwealth, doing business in Boston, insured the property of the plaintiff therein mentioned, viz: $500 on his factory, water-wheel, and fixtures; $600 on his movable machinery, small utensils, and apparatus contained in said factory, against losses by fire for the term of one year. The case was submitted to this court on the following statement of facts: The property insured was destroyed by fire on the 22d day of October, 1851. In the plaintiff's application, the company declared that "plain and definite answers are expected to each of the following interrogatories;" among which was the following, "State whether or not incumbered, to whom, and to what amount;"

to which the plaintiff answered in writing, "mortgaged for about $4,000 to Gen. C. T. James." After the several interrogatories and answers, occurs the following clause in said application: "And the said applicant hereby covenants and agrees to and with the said company that the foregoing is a just and true exposition of all the facts and circumstances in regard to the condition, situation, value, and risk of the property to be insured, and in case of insurance, holds himself bound by the act of incorporation and by-laws of said company, and that the company shall not be bound by any statement made which is not contained in the application, unless the same is assented to by them in writing." Among the by-laws of the company, printed in the plaintiff's policy and made a part thereof, is the following: " If the representations made in the application for insurance do not contain a just, full, and true exposition of all the required facts and circumstances in regard to the title, condition, situation, value, and risk of the property insured, the policy shall be void." At the date of the application and policy, the property insured was incumbered by a mortgage to C. T. James, dated February 6th, 1851, to secure the sum of $3,600, which, with the interest from its date, remained due and unpaid, and by a mortgage to Joseph Perkins, not including the movable machinery, dated October 20th, 1848, to secure the sum of $1,100, which, with the interest from October 20th, 1850, remained due and unpaid. The mortgage of said James was not recorded in the office of the town clerk of Dudley, where said property was situated, and where the mortgagor resided at the time the mortgage was given. There was but one premium note for the whole insurance, and a lien was secured by the policy upon the whole property insured to secure the payment of assessments. It is to be taken as a fact, that the misrepresentations, if such they shall be held, were not made wilfully by the plaintiff, with design to deceive or defraud the defendants. It is further agreed that the said James, at the request of the plaintiff, was negotiating with said Perkins, for the purchase of his mortgage, at the time the application for insurance was made. If the court shall be of opinion that the facts above set forth

24 *

constitute a defence to the whole claim of the plaintiff, judg-ment is to be rendered for the defendants. If the court shall be of opinion that the plaintiff is entitled to recover for the whole or any part of his claim, the case is to be sent to a jury.

*I. M. Barton & P. C. Bacon*, for the plaintiff. 1. The plaintiff can recover for the whole loss; the statement about the incumbrance being but a representation, and not a war-ranty. But if a misrepresentation, it was not material to the risk. 2. If the plaintiff is not entitled to recover for loss of the buildings, he is for the movable machinery and personal property, since the mortgage on that was truly stated in the application. *Trench* v. *The Chenango Mutual Insurance Com-pany*, 7 Hill, 128; *Clark* v. *New England Mutual Fire Insur-ance Company*, 6 Cush. 346; *Loring* v. *Sumner*, 23 Pick. 98.

*G. F. Hoar*, for the defendants.

By THE COURT. This case clearly falls within the rule so frequently stated in the recently decided cases in this court. The inquiry was specifically put to the plaintiff, "State whether or not incumbered, to whom, and to what amount." The answer misrepresented the facts as to the incumbrances, omitting wholly to state the mortgage to Joseph Perkins for eleven hundred dollars. This was such a misstatement as renders the policy void under the by-laws of the company. The contract being entire, and one premium note being given, the lien for the security of the same was affected by the misstatement. For this reason, and upon the ground of misrepresentation, and the effect of it, as stated in the case of *Davenport* v. *New England Mutual Fire Insurance Company*, 6 Cush. 342, judgment must be entered for the defendants.

*Judgment for the defendants.*